UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                          Chapter 13

Jacob E. Spivey,                                                        Case No. 13-40503

    Debtor.                                                                 Hon. Steven W. Rhodes
_____/

**ORDER GRANTING APPLICATION FOR
PRE-CONFIRMATION ATTORNEY FEES AND COSTS**

On January 11, 2013, the Debtor filed this Chapter 13 case. Charles J. Schneider, P.C. ("Law Firm") represents the Debtor. On June 25, 2013, the Debtor's Chapter 13 plan was confirmed. On July 10, 2013, the Law Firm filed an application (ECF No. 51) for pre-confirmation fees in the amount of $6,099.50 and costs in the amount of $67.30. On July 26, 2013, the Chapter 13 Trustee filed an objection (ECF No. 53) to the Law Firm's application.

The Trustee's objection contains two numbered paragraphs. In the first paragraph, the Trustee "objects to the overall excessiveness of the fee application." That paragraph goes on to state that the Trustee "specifically" objects to "full compensation" for the following time entries because they are either excessive or provide no benefit to the estate:

| Date | Atty | Description | Hours | Rate | Charge |
|------|------|-------------|-------|------|--------|
| 2/22/2013 | LMM | Attendance at 341 Meeting of Creditors, includes travel time (snowy and icy roads) and meeting with client before and after hearing to discuss case (4 hrs/1 file) | 4.00 | $190.00 | $760.00 |

| Date | Atty | Description | Hours | Rate | Charge |
|---|---|---|---|---|---|
| 3/14/2013 | LMM | Review of file for preparation for adjourned meeting of creditors, includes review of Trustee's updated 341 status sheet | 0.20 | $190.00 | $38.00 |
| 3/15/2013 | EAB | Attendance at 341 Meeting of Creditors includes meeting with client before and after hearing as well as travel time (3.2 hours/2 files) | 1.60 | $180.00 | $288.00 |

In the second paragraph, the Trustee objects to other time entries because they are "clerical services should not be billed separately to clients but should be included in office overhead." The Trustee identifies two such entries under the category "341 Meetings and 2004 Examination:"

| Date | Atty | Description | Hours | Rate | Charge |
|---|---|---|---|---|---|
| 2/21/2013 | LMM | Review of file For preparation for meeting of creditors, includes review of Trustee's 341 status sheet | 0.40 | $190.00 | $76.00 |
| 3/7/2013 | LMM | Telephone communication with client, left detailed voice message re: documents required for meeting of creditors and deadline | 0.10 | $190.00 | $19.00 |

The Trustee also objects to four other entries under the category "Case Administration." However, this is confusing because the dates of the objectionable time entries cited by the Trustee do not match up to the time entries under the category "Case Administration." It appears to the

Court that the Trustee is objecting to the following four entries, even though they are not all listed under the category "Case Administration."

| Date | Atty | Description | Hours | Rate | Charge |
|---|---|---|---|---|---|
| 4/25/2013 | LMM | Preparation of correspondence to client re: adjourned confirmation hearing and conditions | 0.20 | $200.00 | $40.00 |
| 2/22/2013 | LMM | Preparation of correspondence to client re: adjourned hearings and conditions | 0.20 | $190.00 | $38.00 |
| 6/10/2013 | LMM | Telephone communication with client, left detailed voice message re: objections to confirmation and issue with creditor | 0.10 | $200.00 | $20.00 |
| 6/19/2013 | LMM | Telephone communication with client, left detailed voice message re: confirmation and plan obligations | 0.10 | $200.00 | $20.00 |

On August 21, 2013, the Court held a hearing. At the hearing, an attorney from the Law Firm addressed each of the Trustee's objections. First, the attorney explained why there were two § 341 meetings. The reason was because the Debtor failed to bring his social security card to the original § 341 meeting, so it could not be held. Further, there were additional documents that the Trustee requested, thereby necessitating a second § 341 meeting. The attorney at the hearing explained that the second § 341 meeting took place on a day on which there was an exceptional amount of snow, thereby significantly increasing the travel time. The Debtor's attorney also explained at the hearing that while she was the attorney who did the preparation on March 14, 2013 for the second § 341 meeting, another attorney from the Law Firm actually attended the § 341

meeting. The Trustee did not refute any of the statements made at the hearing by the Debtor's attorney with respect to the three time entries relating to the two § 341 meetings.

The explanation provided by the Debtor's attorney adequately explains the reason for the two § 341 meetings and the time incurred in preparing. The explanation was credible and perfectly logical. There is nothing in the Bankruptcy Code that says that an attorney who is required to attend a second § 341 meeting should not be compensated for that meeting, nor is there anything in the Bankruptcy Code that says that an attorney who prepares for a § 341 meeting should not be compensated for that preparation just because another attorney from the same law firm actually attends the § 341 meeting. None of those time entries are excessive. The Trustee's objection to them is overruled.

As noted, the second paragraph in the Trustee's objections relates to what are described as clerical functions. Here again, the Debtor's attorney at the hearing provided the Court with a sufficient explanation for the need for each of these charges. Based on that explanation, none of these services were clerical in nature. All of them were for professional services by an attorney. While the Court agrees that, generally speaking, sending perfunctory correspondence and leaving voice mails is not compensable and is clerical in nature, the specific entries in question here were different. The Debtor's attorney explained that the voice mails that were left were not in the nature of "please call me back." Instead, they were detailed messages regarding substantive legal advice being rendered by the attorney to the client. That's not clerical.

The Court concludes that the Trustee's objections lack merit and should be overruled. The proper method to calculate the reasonableness of an attorney fee in the Sixth Circuit Court of Appeals is the lodestar method explained in In re Boddy, 950 F.2d 334 (6th Cir. 1991). Under the lodestar analysis, "the court will arrive at an attorney's fee by first determining the 'lodestar'

amount, which is calculated by 'multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended.'" Id. at 337. The Trustee has not objected to the reasonableness of the hourly rate by the Law Firm in this case, but only to the excessiveness of very specific time entries. For the reasons explained, the Court does not agree with the Trustee. Multiplying the hourly rates of the attorneys for the Law Firm in this case by the time they have expended produces a fee of $6,166.80 in this case. That fee is higher than the Court typically sees for a relatively routine Chapter 13 case. However, the Court is satisfied with the explanation provided to it regarding why the Law Firm expended as many hours as it did in the representation of the Debtor in this case. The Court concludes that using the lodestar method, the attorney fee requested in this case is reasonable and should be awarded under § 330 of the Bankruptcy Code. Accordingly,

**IT IS HEREBY ORDERED** that the Trustee's objections are overruled, and the fees and costs are awarded in the amount requested.

**Signed on August 23, 2013**

                                        **/s/ Phillip J. Shefferly**
                                        **Phillip J. Shefferly**
                                        **Chief Bankruptcy Judge**

                                        **Acting in the absence of**
                                        **Judge Rhodes**